```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――
MILTON ARNOLD POLLACK,

                 Plaintiff,            10 Civ. 6297 (JGK)(JLC)

        - against -                    MEMORANDUM OPINION
                                       AND ORDER
DAVID PATTERSON, ET AL.,

                 Defendants.
―――――――――――――――――――――――――――――――
```

JOHN G. KOELTL, District Judge:

　　The Court has reviewed the Report and Recommendation of Magistrate Judge Cott dated February 28, 2011. The plaintiff has filed Objections to that Report and Recommendation and the Court has considered the portions objected to de novo.  The defendants have responded to the plaintiff's objections.

　　The Magistrate Judge's Report and Recommendation is well reasoned and correct, and for the reasons explained in the Report, the Court adopts it.  The plaintiff has three retention proceedings currently pending in New York State Supreme Court, and, when those proceedings are resolved, he will be able to appeal any unfavorable dispositions, including any adverse rulings on specific motions for which interlocutory appeal is not available as of right in New York State courts.  Indeed, the plaintiff's most recent submission to the Court, which included a copy of a letter dated December 5, 2011, written from the

plaintiff's pro bono psychologist to the judge in his retention proceeding in advance of a hearing, only highlights that the plaintiff's claims have not been exhausted.

Several objections warrant brief comment.  The plaintiff argues, in his objections, that there has been constructive exhaustion here, because while the three underlying retention proceedings "may be pending on the Orange [County] Supreme [Court] Calendar, its [sic] over 'in fact!'" (Pl's. Objections dated June 2, 2011 ("Pl's. Objs."), at V.)  However, his most recent submission to the Court only confirms that the hearings in his case are ongoing, and have not been abandoned.  Moreover, the plaintiff has counsel in the retention proceedings.  If the retention proceedings were a "sham," as the plaintiff argues they are, he could move by counsel for a final judgment, and then appeal the adverse disposition.

The plaintiff also argues that exhaustion is not required here because he falls within the exceptions provided by 28 U.S.C. § 2254(b)(1)(B).  (See, e.g., Pl's. Objections dated June 13, 2011, at 38-52.)  Under that section, a court may review the merits of a habeas petition, even if the state petitioner's claims remain unexhausted, when (i) "there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  DiSimone v. Phillips, 518 F.3d 124, 126 (2d

Cir. 2008) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)).  Under (B)(i), a federal court may review an unexhausted claim "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile."  Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001).  That is not the case here.  The underlying retention proceedings remain ongoing, and appeals arising from those proceeding may not be taken until there is a disposition in those proceedings.  The plaintiff has not defaulted on his right to such an appeal (indeed, he unsuccessfully has attempted several interlocutory appeals already), and thus the presentation of his claim to the Appellate Division, upon a final disposition in the State Supreme Court, cannot be considered futile.

With regard to (B)(ii), the Court of Appeals for the Second Circuit has not addressed with specificity which circumstances will render a continuing state judicial "process ineffective to protect the rights of the applicant."  28 U.S.C.(b)(1)(B)(ii).  Some courts have found that, where a plaintiff brings a constitutional challenge to "inordinate delay" in the state judicial process itself, the exhaustion "of a pending appeal whose nondisposition is the very gravamen of the Complaint" is not required.  United States ex rel. Green v. Washington, 917 F. Supp. 1238, 1269 (N.D. Ill. 1996); see Simmons v. Reynolds, 898

3

F.2d 865, 870 (2d Cir. 1990) ("The doctrine of exhaustion of state remedies does not require a prisoner to wait six years, as Simmons did here, or even three or four years before enlisting federal aid to expedite an appeal."); see also Harris v. Champion, 15 F.3d 1538, 1555 (10th Cir. 1994) ("[I]nexcusable or inordinate delay by the state in processing claims for relief may make the state process ineffective to protect the petitioner's rights and excuse exhaustion.") (citation and quotation marks omitted).  However, here, there are plainly ongoing hearings on the underlying merits of the plaintiff's claim—namely, that he is competent and should be released from the state facility.  Unlike in the "inordinate delay" cases, then, proceedings in the plaintiff's case are active.  This is not a case where an appeal has languished for three or four years.  The petitioner's initial remedy is to attempt to expedite a decision in his ongoing retention proceedings rather than to enlist a federal habeas court as a means of interlocutory review in an unfinished state court proceeding.  Indeed, rather than attempting to expedite the state court proceedings, the petitioner indicates his intent to seek a stay of the state court proceedings.  (Pl's. Objs. at Q.)

In the context of parole hearings, courts in this circuit have found that "potentially powerful arguments regarding the futility of the state process" exist due to the cyclical nature

4

of the parole review process, in which the appeal of an adverse parole decision might be mooted before it can be exhausted by the next review hearing.  Defino v. Thomas, No. 02 Civ. 7413, 2003 WL 40502, at *3 (S.D.N.Y. Jan. 2, 2003) (considering § 2254(b)(1)(B) exceptions); see also Robles v. Dennison, 745 F. Supp. 2d 244, 259-260 (W.D.N.Y. 2010).  Unlike in the parole context, though, the plaintiff does not allege that he is subject to a continuous cycle of practically inexhaustible adverse decisions.  He has yet to receive an adverse decision on the merits in his retention proceedings, and he has not substantiated the argument that this is so because of bad faith or intentional delay.

## CONCLUSION

For the reasons explained above, the Court adopts the Repot and Recommendation of Magistrate Judge Cott, and overrules the plaintiff's objections to the Report and Recommendation.  The Court declines to issue a certificate of appealability because "[w]here, as here, the denial of the habeas petition is based upon procedural grounds, the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation," and no such showing can be made in

5

this case.  Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007); see also 28 U.S.C. § 2253(c)(1)(A).

The Clerk of the Court is directed to enter Judgment denying the petition and closing this case.

SO ORDERED.

Dated: New York, New York
December 22, 2011

/s/ John G. Koeltl
John G. Koeltl
United States District Judge