```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
MARVIN ARNOLD POLLACK,

                  Petitioner,         10 Civ. 6297 (JGK)(JLC)

      - against -                     MEMORANDUM OPINION
                                      AND ORDER
DAVID PATTERSON, ET AL.,

                  Respondents.
────────────────────────────────────
```

JOHN G. KOELTL, District Judge:

The plaintiff pro se, Marvin Pollack ("Pollack"), has moved for reconsideration or re-argument of the Court's December 22, 2011 Memorandum Opinion and Order which adopted the Report and Recommendation of Magistrate Judge Cott dated February 28, 2011, or, in the alternative, for a certificate of appealability of the December 22 Memorandum Opinion and Order. The Court's previous Order dismissed Pollack's petition, which seeks his release from civil commitment, for failure to exhaust his claims in state court. See Pollack v. Paterson, No. 10 Civ. 6297, 2011 WL 710605 (S.D.N.Y. Mar. 1, 2011), report and recommendation adopted, 2011 WL 6747409 (S.D.N.Y. Dec 23, 2011).

I.

The standard to be applied to a motion for reconsideration under Local Rule 6.3 is well-established. It is the same as the standard that was applied under former Local Civil Rule 3(j).

See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases).  The moving party is required to demonstrate that "the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court."  Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation omitted).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court."  Id.  The rule "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court."  Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal quotation marks and citation omitted); see also Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 313 (S.D.N.Y. 2005), aff'd, Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007); Vincent, 2011 WL 5977812, at *1.

## II.

The petitioner in his initial motion for reconsideration argued that the letter dated December 5, 2011 from his pro bono psychologist to New York Supreme Court Justice Berry, which the Court referenced in the December 22, 2011 Memorandum Opinion and Order, related to his objection to an order of medication, and

2

not to his underlying retention proceedings. The petitioner further argued that there have in fact been no hearings on his underlying retention proceedings in over five years, and that, as a result, he falls within the exceptions to the exhaustion requirement that are provided by 28 U.S.C. § 2254(b)(1)(B).

If Pollack is correct that he now has four pending retention proceedings but has not had a hearing in over five years, he still has not shown that this is the result of "an absence of available State corrective process" or "circumstances . . . that render such process ineffective to protect [his] rights." DiSimone v. Phillips, 518 F.3d 124, 126 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)). Pollack does not assert that he lacked notice of his right to a hearing in those proceedings. (See, e.g., Fleischmann Decl. in Supp. of Mot. to Dismiss dated Oct. 19, 2010, Ex. A at 5 (form entitled "Special Notice to Defendant" stating "You have the right to a court hearing on this application [for a retention order] if you make a timely demand for such a hearing.").) Indeed, the plaintiff has moved to represent himself in any such proceedings, and attempted to appeal the decisions by the New York State Supreme Court that he may not do so. By his own admission, the petitioner has failed to obtain a judgment of the state court in any of the retention proceedings that he seeks to challenge. They are ongoing and he has not exhausted the state court

3

remedies that would be available to challenge any order of retention.  See N.Y. Crim. Proc. Law § 330.20(21) ("Appeals").

In any event, to the extent that the retention proceedings themselves are ineffective to protect his rights, the petitioner has the ability to file a state petition for habeas corpus.  See N.Y. Mental Hygiene Law § 33.15(a) ("A person retained by a facility . . . is entitled to a writ of habeas corpus to question the cause and legality of detention upon proper application.").  State petitions for habeas corpus are "the appropriate avenue of relief for persons detained pursuant to [CPL] § 330.20 who challenge the Commissioner's compliance with the statutory requirements for continued retention of a defendant," Martens v. Katz, No. 87 Civ. 0990, 1987 WL 18773, at *2 (E.D.N.Y. Oct. 14, 1987) (citing People ex rel. Thorpe v. Von Holder, 473 N.E.2d 14, 15-17 (N.Y. 1984)).

Pollack at one point asserted that he filed a state petition for habeas corpus and that this petition was denied. (Pollack Letter Mem. dated Dec. 31, 2011 at 54.)  Pollack asserted that he consolidated his appeal from the adverse state habeas decision with appeals from other interlocutory orders in his retention proceeding, and that the New York State Supreme Court, Appellate Division, ignored his appeal from the adverse state habeas decision in deciding that the interlocutory orders were unappealable.  (See Pollock Letter Mem. dated Dec. 31, 2011

4

at 57); see also In re Marvin P., 858 N.Y.S.2d 904 (App. Div. 2008). New York state habeas petitioners may appeal an adverse judgment as of right. See N.Y. C.P.L.R. § 7011.

Pollack has not substantiated his assertion that he successfully consolidated his appeal of any adverse state habeas proceeding with his appeals of the interlocutory orders concerning his medication and pro se status in his retention proceeding. Indeed, the Appellate Division's ruling, which the plaintiff suggests "ignor[ed]" his appeal from the adverse state habeas proceeding, plainly deals only with the appeals taken from interlocutory orders in the retention proceeding. See Marvin P., 858 N.Y.S.2d at 904. Nor has Pollack established that any of the issues that he attempts to raise in his current petition before this Court were in fact raised in any state habeas petition. (See, e.g., Fleischmann Decl. in Opp. to Mot. for Reconsid. dated Mar. 21, 2012, Ex. A (Pollock Affidavit dated Oct. 13, 2006) at 97-98 (requesting certain relief "as regards my habeas," specifically a transfer to a different facility and access to certain records).

Pollack now asserts that his habeas petition was not denied, and that only his motion to represent himself was denied. (See Pollack Letter Mem. dated Mar. 9, 2012 at 2-3.) Pollack asserts that his habeas petition was withdrawn without prejudice, allegedly against his will, by his counsel in August,

5

2009.  (See Pollack Letter Mem. dated Mar. 9, 2012 at 4.) Despite this, Pollack asserts that his habeas petition has in fact been "pending off calendar" since August, 2009.  (See Pollack Letter Mem. dated May 2, 2012 at 22.)

Because the petitioner has not properly appealed any adverse determination in his state habeas corpus proceeding, and indeed has not established that there was such a determination, he has not "fairly present[ed]" his state habeas claims to the Appellate Division, and he therefore has not exhausted his remedies.  Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010).  Moreover, because the petitioner's state habeas claim was never fairly presented to the New York State Supreme Court, Appellate Division, or to the New York Court of Appeals, this Court cannot say that there is an absence of State corrective process, or that State corrective process is ineffective, such that the exhaustion requirement must be waived.  The petitioner must exhaust his remedies in state court before proceeding before this Court.  See Martens, 1987 WL 18773, at *2 ("[D]espite the apparent egregious delays in the Mental Health Commissioner's prosecution of the first retention and transfer orders, petitioner's failure to exhaust her state judicial remedies precludes this Court from hearing her application for a writ of habeas corpus. Petitioner, however, is advised to file a new application for a

6

writ in accordance with Mental Hygiene Law § 33.15 and Article 70 of the Civil Practice Law and Rules."). The respondents specifically represent that the petitioner can file a petition for habeas corpus in state court at any time. (Resp.'s Mem. dated March 21, 2012 at 4-5.)

The petitioner has stated that he will not file another habeas petition in state court. (<u>See</u> Pollack Letter Mem. dated Mar. 9, 2012 at 9.) That stance is inadvisable. The petitioner can file an application for a writ of habeas corpus in New York state court, stating clearly and concisely the bases under both state and federal law upon which the plaintiff believes the writ should be granted, and the specific relief sought. The fact remains that the petitioner has not obtained a final order from a state court raising a federal constitutional issue for which he has exhausted available state court remedies. Because Pollack has not raised any issue of fact or law that might reasonably change the Court's previous decision, the motion for reconsideration is **denied**.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent not specifically addressed above, they are either moot or without merit. For the reasons explained above, the petitioner's motion for reconsideration or reargument

7

of the Court's December 22, 2011 Memorandum Opinion and Order is **denied**.

The Court also declines to issue a certificate of appealability, or to reconsider the previous refusal to do so, because "[w]here, as here, the denial of the habeas petition is based upon procedural grounds, the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation," and no such showing can be made in this case. Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007); see also 28 U.S.C. § 2253(c)(1)(A). The plaintiff may, however, seek a certificate of appealability directly from the Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: New York, New York
June 21, 2012

John G. Koeltl
United States District Judge